Davis, J.,
delivered the opinion of the court:
Claimant contracted with the Government to complete the masonry of the sub-basement, basement, and area walls of the Baltimore post-office. The contract required the Government to “furnish and deliver on and around the site all the granite, cut, lewised, and ready for setting,” as well as the bricks, cement, &c. For several months-, however, the Government delivered the granite at one corner only of the building, whence the claimant was obliged at considerable expense to transport it and the bricks delivered at the same place to those parts of the walls where they were to be set. For this expense, as well as for paymeut for extra work claimed to be outside the contract, this action is brought through a reference by the Secretary of the Treasury to this court under section 1063 of the Revised Statutes, made after a favorable report upon the claim by the Supervising Architect.
The question of law presented is, whether a delivery at one corner of the building is a delivery “ on and around the site.” There can hardly be a misunderstanding as to the ordinary and natural meaning of these words, and that meaning is sup'ported by the rest of the sentence, which requires the granite to be delivered “ cut, lewised, and ready for setting.” The obvi-. ous intent of the stipulation was that the material furnished by the Government should be so delivered to the contractor *478 •that he could easily and directly set it in the proper place in the wall.
To negative this conclusion the defendants introduce evidence tending to show that, prior to making his bid, and, of course, prior to the contract, claimant inspected the ground and was aware, or should have been aware, that the material would be delivered at one corner, and not “on and around the site.” That is, that it was to be delivered “on” the site, but not “ around” the site. This evidence might possibly be important did the contract read “on or around,” but the use of the conjunction “and” instead of “or” clears up any difficulty of construction which might otherwise be presented. The material was to be furnished, not either on or around, but on and around the site. Whether the claimant examined the site or not is not important, for whatever examination took place occurred some time before the contract was signed, and conversations then had with the Government inspector cannot be permitted to vary the phraseology of the instrument as finally concluded.
f Nor do we consider that the construction favorable to the claimant given the contract by the Supervising Architect some eleven months after it was signed should influence our judgment, for it was not contemporaneous with the transaction, but was given after controversy began.
Another defense is that the claimant waived compliance by the Government under the terms of the contract, and another is that the physical conditions and surroundings of the site known to claimant were such as to render a compliance with the covenant as to delivery impossible on the part Of the Government-. The findings of fact do not support these defenses, and the claimant ts entitled to judgment in the sum of $4,444.38
Weldon, J., was prevented by illness from sitting in this case and took no part in the decision.